**David P. KELLY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1488.**

United States Court of Veterans Appeals.

Feb. 9, 1993.

David P. Kelly, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Sara B. Lake, were on the pleadings, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

KRAMER, Associate Judge:

Appellant, David P. Kelly, appeals a July 11, 1991, decision of the Board of Veterans' Appeals (BVA) which denied his appeal based on the determination that the income of appellant's custodians is properly considered as countable income for purposes of appellant's entitlement to improved death pension benefits. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

The BVA recited the relevant, undisputed facts as follows:

The veteran served on active duty during the Vietnam Era. He died in September 1977. His surviving spouse, ... appellant's mother, was awarded VA [Department of Veterans Affairs] death pension benefits.... Her award included additional allowances for several children, including ... appellant who was born in September 1972. In February 1980, ... appellant's mother remarried and benefits for her were discontinued.

*David P. Kelly*, BVA 91–21088, at 4 (July 11, 1991).

The VA Regional Office denied appellant's claim on the basis that his family's income, including his mother's and stepfather's earnings, exceeded the pension income limit. R. at 48. On appeal to the BVA and to this Court, appellant argues that, as he lives at college and his mother and stepfather are not legally responsible for his support, the income of his stepfather should have no bearing on his entitlement to improved death pension. R. at 58; Br. of Appellant.

Initially, the Court notes that appellant's mother is not considered a "surviving spouse" for VA purposes due to her remarriage. *See* 38 C.F.R. § 3.50(b), (c) (1991). She therefore does not have basic eligibility to receive improved pension. *See* 38 C.F.R. § 3.23 (1991).

While the Court notes that appellant, although 20 years of age, may be considered a child for VA purposes until the age of 23 so long as he continues to pursue a course of instruction at an approved educational institution, 38 C.F.R. § 3.57(a)(1)(iii) (1991), and thus is potentially eligible for benefits, nevertheless, under the facts here, the BVA's determination is correct.

Title 38, Code of Federal Regulations, § 3.57(d) (1991), as relevant here, provides:

(1) ...

Where the ... person legally responsible for the child's support has not been divested of legal custody, but the child is not residing with that individual, the child shall be considered in the custody of the individual for purposes of ... [VA] benefits.

(2) The term *person legally responsible for the child's support* means ... a natural ... parent who has not been divested of legal custody.

Appellant's mother has not been divested of legal custody, *Kelly*, BVA 91–21088 at 5, and there has been no showing to the contrary. Therefore, appellant's mother has custody for VA purposes. In addition, appellant's mother and stepfather are not estranged and residing apart, *id.*, and there has been no showing to the contrary. Title 38, Code of Federal Regulations, § 3.57(d)(2) provides:

A child shall be considered in the joint custody of his or her stepparent and natural ... parent so long as the natural ... parent and the stepparent are not estranged and residing apart, and the natural ... parent has not been divested of legal custody.

Therefore, appellant's stepfather also has custody of appellant. As a consequence of such joint custody, "the combined income of the natural ... parent and the stepparent shall be included as income," 38 C.F.R. § 3.57(d)(2), countable in determining the amount of benefit for which a child is eligible, 38 C.F.R. § 3.24(c) (1991).

Finally, appellant also contends that even if his mother's and stepfather's income is generally countable, certain expenditures should have been deducted from such income. However, these expenses simply do not qualify as authorized deductions under 38 C.F.R. § 3.272 (1991). R. at 36–37, 40, 42, 44, 46.

Based on the foregoing evidence of record and applicable regulations, the Court cannot conclude that the decision of the BVA contains either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). Consequently, the Court affirms the BVA decision.